**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CLINT A. LORANCE,                                    )
                                                     )
                        Plaintiff,                   )
                                                     )
        v.                                           )          Civil No. _____
                                                     )
DEPARTMENT OF THE ARMY,                              )
                                                     )
                        Defendant.                   )
                                                     )
Serve:                                               )
Attorney General of the United States                )
U.S. Department of Justice                           )
950 Pennsylvania Avenue, NW                          )
Washington, DC 20530-0001                            )
                                                     )
U.S. Attorney's Office                               )
District of Columbia                                 )
ATTN: Civil Service Processing Clerk                 )
555 4th Street, NW                                   )
Washington, DC 20530                                 )
                                                     )
Department of the Army                               )
Chief, Litigation Division                           )
U.S. Army Legal Services Agency                      )
9275 Gunston Road                                    )
Fort Belvoir, Virginia 22060                         )
_____ )

## COMPLAINT

Plaintiff Clint A. Lorance brings this action against Defendant Department of the Army

to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As

grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Clint A. Lorance is an individual residing in Leavenworth, Kansas.

4. Defendant Department of the Army, is an agency of the United States Government. Defendant has possession, custody, and control of records Plaintiff seeks. Defendant is headquartered at 101 Army Pentagon, Washington, DC 2031.

## STATEMENT OF FACTS

5.      On November 18, 2017, Plaintiff submitted to Defendant a FOIA request seeking records in connection with an Army investigation involving four Afghan men: two Afghan men killed, a third wounded, and a fourth a material witness and alleged victim when members of the United States 82nd Airborne Division engaged them during a combat patrol, on July 2, 2012, in the Zharay District of Kandahar Province, Afghanistan.  (Exhibit ("Exh.") A). The request sought biometric evidence (fingerprints and DNA from skin left on bomb components) of four men, including the two men who were killed, the man who was wounded, and another who was a material witness.  *Id.* These records are associated with the U.S. Army court-martial in *United States v. First Lieutenant Clint Lorance*, Army Dkt. No. 20130679 and tend to show that the Afghan males were involved in terrorist bomb-making and/or the emplacing of improvised explosive devices at locations where US and/or Coalition personnel were killed or wounded in Afghanistan *Id*.

7.      The FOIA request provided enrollment numbers for each of the four men, which, upon entry into the US Army databases described in the November 18, 2017, FOIA request, ordinarily result in information relating to the individual (*e.g*., digital image, retinal scan, DNA, family history, fingerprints, and terrorist activity such as bombmaking and/or leaving

fingerprints and/or skin on bomb parts). The records sought related to the four men have existed since at least 2012.

8.      On January 5, 2018, Defendant, through the Army's Office of Provost Marshal General (OPMG), responded to the request and advised that there were no records responsive to the request.

7.      Plaintiff submitted an appeal of the January 5, 2018, letter to OPMG on January 9, 2018.

8.      On January 12, 2018, OPMG submitted a corrected response advising that the January 5, 2018 response had been sent in error.  (Exh. B.)  In the response, OPMG advised that records responsive to the request exist, but that OPMG was withholding the responsive records. The OPMG wrote that the responsive records were "withheld in full under FOIA Exemption 3 (under the Protected National Security Documents Act of 2009, PL No 111-83, Stat. 2141) and exemption 6 (the documents if released in full, would reasonably be expected to constitute an unwarranted invasion of personal privacy)."  *Id.*

9.      Upon information and belief, the records sought are not classified.

10.     Upon information and belief, the records sought do not contain personally identifiable information that either has not been released to the public already (*e.g.*, names and phone numbers contained in the CID reports in the record of trial in *United States v. Clint Lorance*), or can be redacted to allow the release of the records.

11.     On that same date, January 12, 2018, Plaintiff submitted an appeal of the OPMG's denial.  (Exh. C.)

12.     As of the date of this filing, neither Plaintiff, nor his counsel, have received a response to the January 12, 2018 appeal, which directly challenged the withholding because the cited FOIA Exemptions did not apply and renew Plaintiff's request for release.

13.     On March 30, 2018, the U.S. Army Criminal Investigation Division Command (USACIDC), a sub-component of OPMG, issued a letter to Plaintiff's counsel advising that USACIDC had no records.  (Exh. D.)  USACIDC's response did not discuss the search it conducted, including the files or electronic databases search, or search terms used in its search, nor any coordination with its higher headquarters, the OPMG, which is currently withholding records responsive to Plaintiff's FOIA request.

14.     Plaintiff had already submitted his appeal, over two months earlier, to the Army's response when USACIDC issued its letter.

15.     As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings or (iii) provide Plaintiff with a partial release of records, or offer redacted copies of such records.

**COUNT I Violation of FOIA, 5 U.S.C. § 552**

16.     Plaintiff re-alleges paragraphs 1 through 15 as if fully stated herein.

17.     Plaintiff has exhausted all administrative remedies available to him under FOIA, and has therefore satisfied all jurisdictional prerequisites to filing this Complaint.  *See* 5 U.S.C. § 552(a)(6)(A)(i)-(ii).

18.     Defendant has failed to respond adequately to Plaintiff's FOIA request, and is improperly withholding responsive documents pursuant to FOIA exemption 3 and exemption 6.

19.     Defendant has failed to describe the scope of the search conducted for the documents requested.

20.     Defendant has failed to describe the documents located in its search.

21.     Defendant has failed to provide factual support for its assertion that FOIA exemption 3 and exemption 6.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to describe the search conducted, including the search methods used; (2) order Defendant to describe the responsive documents Defendant located in a *Vaughn* index, *see Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir 1973); (3) order Defendant to either produce promptly the responsive documents, or describe with particularity and support with substantial evidence the reasons for withholding each document; (4) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (5) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (6) grant Plaintiff such other relief as the Court deems just and proper.


Dated:  July 22, 2018                    Respectfully submitted,

                                         /s/ John N. Maher

                                         John N. Maher
                                         D.C. Bar Number 489113
                                         Kevin J. Mikolashek, Esquire
                                         MAHER LEGAL SERVICES PC
                                         7 East Main Street, Number 1053
                                         St. Charles, Illinois 60174
                                         Tel: (708) 468-8155
                                         johnmaher@maherlegalservices.com

                                         *Counsel for Plaintiff*